# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 19, 1923.

———————

THE A. S. ABELL CO., ET AL.,
VS.
MARY GARRETT, ET AL.

———————

BOND, DUKE, J.—

On the 18th day of August, 1922, Mr. William B. Norris was murdered near the corner of Park Avenue and Madison street in this city, and a short time after said crime was committed the plaintiffs in this case offered rewards aggregating the sum of ten thousand ($10,000) dollars for information resulting in the arrest and conviction of the bandits who committed said murder.

Subsequently five men, Walter Socolow, Charles P. Carey, John L. Smith, Jack Hart and Frank J. Allers were indicted as principals for the commission of said crime and all of them have been arrested, convicted and sentenced, except Allers, who turned State's evidence and was granted immunity.

The plaintiffs herein, being ready and willing to pay the amount of said rewards, but being unable to determine to whom the same should be paid, have brought the fund into this Court for distribution among the parties entitled to receive the same.

According to the evidence produced herein the conviction of said bandits

was brought about by the confession of Allers, together with information furnished the State by a number of persons, which information fit in with and corroborated the testimony of Allers. Said confession was obtained and said information which corroborated it was secured and pieced together by the State's Attorney and his assistants and the police officers of the city, and they are entitled to a large part of the credit for what was accomplished, but none of them are claimants in this case and no part of said fund can be awarded to any of them, the problem being to divide the fund among those who are claimants according to their respective rights therein.

In the opinion of the Court, each of the claimants who has shown by satisfactory evidence that he furnished information which assisted in bringing about the arrest and conviction of said bandits is entitled to a share of said fund, and those claimants who have failed to show that they furnished such information are not entitled to any part of said fund.

The Court finds from the evidence that each of the following claimants has established the fact that he furnished some such information, the amount and value thereof differing in each case, and that each of them is entitled to receive a portion of said fund, the amount which each one is entitled to receive being the amount set opposite his name, that is to say:

| | |
|---|---:|
| William Mell .........$ | 300.00 |
| John Kramer .......... | 200.00 |
| Max Willasch ......... | 200.00 |
| J. Wade Walter....... | 700.00 |
| Edward L. Benhoff...... | 300.00 |
| Solomon Robinson ...... | 300.00 |
| Charles A. Brown...... | 900.00 |
| John Doemling ......... | 700.00 |
| Mary Garrett .......... | 225.00 |
| Lyell V. Bossom........ | 600.00 |
| Leslie Dean ........... | 200.00 |
| Marion McKee ......... | 300.00 |
| The William J. Burns International Detective Agency, Incorporated.. | 1,200.00 |
| Charles Strodtman .... | 800.00 |
| Edward J. Kelly and Arthur Schrivener (jointly) ................... | 800.00 |
| Anna Livingston ....... | 900.00 |
| George W. Bowen ...... | 800.00 |

The Court further finds from the evidence that each of the remaining

claimants herein (other than those above named) has failed to show that he furnished any such information as above indicated as to entitle him to a portion of said fund.

A decree will be signed awarding said fund in accordance herewith.